**Phillip RICHARDS, Petitioner,**

v.

**The STATE of Oklahoma,
Respondent.**

**No. H–76–462.**

Court of Criminal Appeals of Oklahoma.

June 24, 1976.

Frank R. Courbois, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for respondent.

## OPINION

BUSSEY, Judge:

Phillip Richards was charged in the Mayes County District Court, Case No. CRF–76–49, with the offense of Unlawful Delivery of a Controlled Dangerous Substance—Heroin, in violation of 63 O.S. Supp.1975, § 2–401 ¶ A–1. Preliminary hearing was conducted and thereafter the Petitioner was bound over to the District Court where, after arraignment, the defendant below and Petitioner herein, filed an application for reduction of bail. Upon considering the Petitioner's application for bail, the Honorable William J. Whistler set bail in the amount of Six Thousand Dollars ($6,000.00) cash or a surety bond of Twenty-Four Thousand Dollars ($24,000.-00). Thereafter, on the 18th day of June, 1976, a Petition was filed in this Court seeking bail reduction, and hearing was held thereon on the 24th day of June, 1976. At said hearing the Petitioner appeared by Mr. Frank R. Courbois and the Respondent appeared by Mr. Frank Muret, Assistant Attorney General.

In his oral argument before this Court, counsel for Petitioner argues that the trial court was without jurisdiction to set bail in the sum of Six Thousand Dollars ($6,000.-00) cash or in the greater amount of Twenty-Four Thousand Dollars ($24,000.-00) surety bond, citing Attorney General's Opinion No. 74–119, which reads, in pertinent part:

"A reading of the recent statutes found in 59 O.S.1971, § 1301, et seq. and the statutes found in 22 O.S.1971, § 1101, et seq. reveals that the statutes contemplate setting bail in one amount with provision being made for a deposit of cash in a like amount as one means of meeting the bail requirement. Setting bail in a different amount for a cash deposit than for a surety bond is inconsistent with the express language of the above statutes which contemplate the deposit of cash 'in the sum of money mentioned in the order' or 'equal in market value to the amount of such bail'.

"It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The courts are not authorized to set bail in two amounts with the amount of the required corporate surety or property bond being twice the amount of the required cash bond."

 We agree with the above quoted portion of the Attorney General's Opinion, and accordingly hold that bail should be set in the same amount whether cash, surety or property, and that the Order entered fixing bail at Six Thousand Dollars ($6,000.00) cash, or Twenty-Four Thousand Dollars ($24,000.00) surety bond, is invalid.

We therefore direct that bail be fixed in the sum of Ten Thousand Dollars ($10,000.00) cash, surety or property bond, the same to be posted with and approved by the Court Clerk of Mayes County, or one of the District Judges thereof.

WRIT GRANTED WITH DIRECTIONS.

BRETT, P. J., and BLISS, J., concur.